■ RALPH WEINTRAUB et al., Respondents, v. RICHARD GOODMAN et al., Defendants and Third-Party Plaintiffs-Appellants. WILLIAM V. VON HENLEIN, Third-Party Defendant.— In an action to recover damages for fraud and moneys had and received, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered February 4, 1972 and amended by order of the same court, dated February 29, 1972, as (1) is against them and in favor of plaintiffs upon a jury verdict in the amount of $34,500 on plaintiffs' cause of action for moneys had and received, plus interest and costs, and (2) did not grant defendant Marilyn Goodman a recovery upon her counterclaim for slander (the jury verdict was against said defendant on the counterclaim). Judgment modified, on the law and the facts, by (1) striking therefrom the decretal provisions granting plaintiffs a recovery against defendants on plaintiffs' cause of action for moneys had and received, plus interest and costs, and granting defendants a recovery over against the third-party defendant and (2) substituting therefor a provision granting a new trial as to that cause of action. As so modified, judgment affirmed insofar as appealed from, without costs. The evidence does not support a finding that defendants kept the $34,500 which had been turned over to them by plaintiffs for transmission to the third-party defendant, Von Henlein. However, it appears that plaintiffs and defendants were joint venturers with regard to resale of the jewelry received from Von Henlein and sold by defendant Marilyn Goodman. As plaintiffs were entitled to the first $34,500 received from the resale of the jewelry, a new trial is required in order to establish the amounts received by defendants (as to which there is some confusion in the record),

which moneys were had and received by them under such circumstances as require them to turn the moneys over to plaintiffs. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.